1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  ROSLYN McCOY,                          No. CIV S-09-1973-LKK-CMK

12              Plaintiff,

13       vs.                               <u>ORDER</u>

14  ARMY CORPS OF ENGINEERS,
    et al.,

15

16              Defendants.

17  _____/

18              Plaintiff, who is proceeding pro se, brings this civil action.  The court is required

19  to screen complaints brought by prisoners seeking relief against a governmental entity or officer

20  or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  The court is also required

21  to screen complaints brought by litigants who have been granted leave to proceed in forma

22  pauperis.  <u>See</u> 28 U.S.C. § 1915(e)(2).  Under these screening provisions, the court must dismiss

23  a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon

24  which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from

25  such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2).  Moreover, pursuant to

26  Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it

1

appears . . . that the court lacks jurisdiction of the subject matter . . . ."  Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

In this case, plaintiff names the following as defendants:  Department of the Army – Army Corps of Engineers and Pete Geren.[1]  Plaintiff claims that defendants violated her rights under the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination Employment Act, and the Rehabilitation Act fo 1973.  In particular, she complains of the following conduct: (1) termination of her employment; (2) unequal terms and conditions of employment; (3) retaliation; (4) failure to provide appropriate accommodations for plaintiff's disability; and (5) hostile work environment.

The court concludes that it has subject matter jurisdiction and that the complaint is appropriate for service by the United States Marshal without pre-payment of costs.  If plaintiff desires service of process by the United States Marshal  without pre-payment of costs, plaintiff must comply with the requirements outlined below.  Plaintiff is warned that failure to comply with this order, or otherwise effect service pursuant to Federal Rule of Civil Procedure 4, may result in dismissal of the action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1.    The Clerk of the Court shall update the docket to reflect that the only two named defendants are: Army Corps of Engineers (a division of the Department of the Army) and Pete Geren;

2.    The Clerk of the Court shall issue a summons in a civil case, the

---

[1]    The docket lists Department of the Army and Army Corps of Engineers as separate defendants.  The Clerk of the Court will be directed to update the docket to reflect that the correct defendant is the Army Corps of Engineers, which is a division of the Department of the Army.

1  undersigned's new case documents, and an order setting this matter for an initial scheduling

2  conference;

3          3.      The Clerk of the Court shall send plaintiff the summons, two USM-285

4  forms, and a copy of the complaint;

5          4.      Within 15 days from the date of this order, plaintiff shall complete the

6  summons by indicating the addresses of the named defendants and shall submit to the United

7  States Marshal at the address indicated below the following documents:

8                  a.      The completed summons;

9                  b.      One completed USM-285 form for each named defendant;

10                 c.      Three copies of the complaint; and

11                 d.      Two copies of the court's initial scheduling conference order

12 issued herewith;

13         5.      Within 20 days of the date of this order, plaintiff shall file a notice

14 indicating that the documents described above have been submitted to the United States Marshal;

15         6.      The United States Marshal is directed to serve all process without pre-

16 payment of costs not later than 60 days from the date of this order, such service of process to be

17 completed by serving a copy of the summons, complaint, and initial scheduling conference order

18 on the defendants at the addresses provided by plaintiff; and

19         7.      The Clerk of the Court is directed to serve a copy of this order on the

20 United States Marshal at 501 "I" Street, Sacramento, CA, 95814.

21

22  DATED:  July 27, 2009

23

24                                          _____
                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE
25

26