**FILED**

OCT 7 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROSLYN McCOY,

        Plaintiff,

    v.

HONORABLE JOHN McHUGH,
SECRETARY OF THE ARMY,

        Defendant.

_____/

NO. CIV. S-09-1973 LKK/CMK

**PRETRIAL CONFERENCE ORDER**
**[TENTATIVE]**

Pursuant to court order, a Pretrial Conference was held in Chambers on October 3, 2011. LARRY A. ORGAN and BARBARA E. FIGARI appeared as counsel for plaintiff; TODD A. PICKLES and LYNN TRINKA ERNCE appeared as counsel for defendants. After hearing, the court makes the following findings and orders:

## I. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331, as this is an action arising under the federal Rehabilitation Act. Venue is predicated upon 28 U.S.C. § 1391(3)(2), as defendant is an officer of the United States, and a substantial part of the events occurred in Sacramento. The court has heretofore found both jurisdiction and venue proper and confirms those orders.

1

1                   **II.  JURY/NON-JURY**

2     The trial will be by jury.

3                **III.  UNDISPUTED FACTS**

4     The parties have stipulated that the following facts are

5 undisputed:

6       GENERAL FACTS RELEVANT TO ALL CAUSES OF ACTION

7     1.  Plaintiff began working at the Army Corps of

8 Engineers in May 2005.

9     2.  Plaintiff was hired through the Workforce Recruitment

10 Program, which provided funding for units within the Department

11 of the Defense to hire persons with disabilities for limited

12 80-day terms of employment.

13     3.  Plaintiff applied for a position through the program,

14 self-designating as having a learning disability, and accepted

15 a position as an administrative support assistant in the Equal

16 Employment Opportunity ("EEO") Office in Sacramento.

17     4.  Plaintiff has a severe form of the learning

18 disability dyslexia, which makes it difficult for her to fully

19 comprehend written words.

20     5.  Plaintiff's disability substantially limits her

21 ability to read and comprehend.

22     6.  Plaintiff did well in school, graduating from

23 Humboldt State College in 2005 with a degree in Psychology, but

24 needed to spend significantly more time studying than students

25 without her disability.

26     7.  Prior to beginning her work in the EEO office,

1  Plaintiff spoke to Linda Brown, who was the manager of the EEO
2  office, and discussed with Brown Plaintiff's disabilities and
3  the accommodations she would be provided.

4      8.  Also in the EEO Office was Barbara Dwyer, an EEO
5  Specialist, and there were also other individuals who had
6  collateral duties for the EEO office.

7      9.  Plaintiff, Ms. Brown, and Ms. Dwyer were the only
8  individuals who worked in the EEO Office, and Ms. Dwyer and
9  Plaintiff were the only individuals supervised by Ms. Brown.

10     10.  Ms. Brown was Plaintiff's supervisor during the
11 entire time period of her employment in the EEO Office.

12     11.  At the end of Plaintiff's 80-day appointment under
13 the Workforce Recruitment Program, Brown converted Plaintiff
14 to a 2-year "excepted" or special appointment with the Corps.

15     12.  Plaintiff's new position was a Program Support Clerk,
16 in which she primarily provided clerical and administrative
17 support to the EEO Office, focused primarily on special
18 emphasis programs.

19     13.  In her capacity as the Program Support Clerk, she
20 assisted Ms. Brown, Ms. Dwyer, and the Special Emphasis Program
21 Managers, who did not work in the EEO Office but devoted up to
22 20% of their time as collateral duty to managing special
23 emphasis programs, such as those for individuals with
24 disabilities, or minorities.

25     14.  Plaintiff began her probationary period in this
26 position on October 1, 2005.

3

1    15. On April 7, 2006, Plaintiff and Ms. Dwyer were
2 entering the Army Corps office at the same time as A.R. Smith,
3 another employee of the Corps.

4    16. Mr. Smith is African-American.

5    17. In August 2006, Plaintiff was involved in making
6 changes to a flyer for the Diversity Jubilee, an event
7 sponsored by the EEO Office.

8    18. Some of the contents of the flyer were inaccurate,
9 which was discovered by Ms. Brown while she was meeting with
10 Debora Richert, the Chief of Staff, on or about August 23,
11 2006. Ms. Richert instructed Ms. Brown to schedule a meeting
12 between Ms. Richert, Ms. Brown, Plaintiff, and Ms. Dwyer to
13 discuss the error in the flyer.

14    19. On August 23, 2006, Chief of Staff Richert held a
15 meeting in her office, attended by Plaintiff, Ms. Dwyer and Ms.
16 Brown, in which the errors in the Diversity Jubilee flyer were
17 discussed. During the meeting, Chief of Staff Richert asked
18 Plaintiff whether she was expected to proofread her own work
19 and Plaintiff responded, "No."

20    20. On or about August 23, 2006, Ms. Brown wanted to
21 reward the initiative shown by her staff in setting up meetings
22 with volunteers for the Diversity Jubilee event, and inquired
23 separately of Plaintiff and Ms. Dwyer as to whose idea it was
24 to set up meetings with the volunteers.

25    21. Both Plaintiff and Ms. Dwyer separately claimed
26 credit for the idea.

4

1    22.  On September 7, 2006, Ms. Brown gave notice to
2  Plaintiff that her employment was terminated effective
3  September 15, 2006.  The notice stated:

> You are being terminated because of your
> unsatisfactory conduct including making a false
> statement to the Chief of Staff during a meeting on 23
> August 2006 wherein you stated "you were not required
> to proofread your work"; on 24 August 2006, you made
> a false statement to me when you said that it was your
> idea to meet with Diversity Jubilee volunteers prior
> to the event; and your inappropriate comment to a
> member of the Safety Office on 7 April 2006.

13    23.  Plaintiff was in a two-year special appointment
14  position.

UNDISPUTED FACTS RELEVANT TO PLAINTIFF'S EMPLOYMENT

DISCRIMINATION BASED ON DISABILITY CLAIM

17    1.  Initially, Ms. Brown proofread Plaintiff's work
18  product.

UNDISPUTED FACTS RELEVANT TO PLAINTIFF'S RETALIATION CLAIM

20    1.  In late spring of 2006, Plaintiff met with Human
21  Resources representative Ted Surratt to discuss her job
22  description.

23    2.  Plaintiff met with Chief of Staff Debora Richert on
24  August 9, 2006.

25    3.  Ms. Brown knew that one of the subjects discussed in
26  the August 9, 2006 meeting between Plaintiff and Chief of Staff

5

1  Richert was Ms. Brown's "management style."

2  ## IV.  **DISPUTED FACTUAL ISSUES**

3  GENERAL DISPUTED FACTUAL ISSUES RELEVANT TO ALL CLAIMS

4  1.   Whether or not Ms. Brown believed that, as of August
5  23, 2006, Plaintiff was responsible for proofreading
6  Plaintiff's final work product (This is relevant to all claims
7  because Ms. Brown alleged that Plaintiff made an untrue
8  statement regarding this issue and asserts this statement as
9  one of the non-retaliatory and non-discriminatory bases for the
10 decision to terminate Plaintiff's employment.)

11 2.   Whether or not Ms. Brown believed that Plaintiff
12 attempted to take credit for a co-worker's work related to
13 setting up a meeting with volunteers for Diversity Jubilee.
14 (This is relevant to all claims because Ms. Brown alleged that
15 Plaintiff made untrue statements regarding this issue and
16 asserts this as one of the non-retaliatory and
17 non-discriminatory bases for the decision to terminate
18 Plaintiff.)

19 3.   Whether or not the alleged offensive comment made by
20 Plaintiff to Mr. A.R. Smith contributed to Ms. Brown's decision
21 to terminate Plaintiff's employment.  (This is relevant to all
22 claims because Defendant alleges that this statement was one
23 of the non-retaliatory and non-discriminatory bases for the
24 decision to terminate Plaintiff's employment.)

25 4.   Whether or not the reasons stated by Ms. Brown in the
26 notice to Plaintiff that she was terminated, are false.  (This

1 is relevant to whether or not Plaintiff's disability and/or
2 protected activity contributed to the decision to terminate
3 Plaintiff.)

4     5.    Whether or not Plaintiff's employment would have
5 continued past September 30, 2007.  (This is relevant to
6 whether Plaintiff would be entitled to back and front pay
7 damages after September 30, 2007.)

8     6.    Whether or not Ms. Brown approached Human Resources
9 representative Ted Surratt about making Plaintiff's position
10 permanent and to promote her approximately one month prior to
11 the termination of Plaintiff's employment.  (This is relevant
12 to whether Plaintiff would be entitled to back and front pay
13 damages after September 30, 2007.)

14     7.    Whether or not Plaintiff normally used special
15 software that read documents to her aloud in order to help her
16 understand the words. She normally used four types of software
17 to read and write. (This is relevant to Plaintiff's claim for
18 disability discrimination, and relevant to whether Ms. Brown's
19 statements that Plaintiff was to proofread her own work were
20 false.)

21     8.    Whether or not, because of her disability, it takes
22 Plaintiff significantly longer to read and comprehend a
23 document than a person without her condition.  (This is
24 relevant to Plaintiff's claim for disability discrimination,
25 and relevant to whether Ms. Brown's statements that Plaintiff
26 was to proofread her own work were false.)

7

1    9.    Whether or not Mr. Smith heard Plaintiff say to him
2  "where are you going, we don't let your kind in here."  (This
3  is  relevant  to  all  claims,  specifically  as  to  whether
4  Defendant's stated reasons for Plaintiff's termination are
5  false.)

6    10.    Whether or not, in her deposition in June 2010,
7  Plaintiff could not recall her exact words to Mr. Smith on
8  April 9, 2006.  (This is relevant to all claims, specifically
9  as to whether Defendant's stated reasons for Plaintiff's
10  termination are false.)

11    11.    Whether or not, at the fact-finding conference in May
12  2007, Plaintiff testified she said to Mr. Smith on April 9,
13  2006, "they let peoples like you in here."  (This is relevant
14  to all claims, specifically as to whether Defendant's stated
15  reasons for Plaintiff's termination are false.)

16    12.    Whether or not Mr. Smith prepared a memorandum
17  recording the details of the conversation, which he recalls
18  preparing that same day as the incident on April 9, 2006.
19  (This is relevant to all claims, specifically as to whether
20  Defendant's stated reasons for Plaintiff's termination are
21  false.)

22    13.    Whether or not Mr. Smith later sent a copy to Ms.
23  Brown because he wanted to let Brown know of the incident as
24  she was Plaintiff's supervisor and because Plaintiff worked in
25  the EEO office. (This is relevant to all claims, specifically
26  as  to  whether  Defendant's  stated  reasons  for  Plaintiff's

1 | termination are false.)

2 |     14.   Whether or not, after learning about the incident,
3 | Ms. Brown counseled Plaintiff on the inappropriate remark,
4 | finding her explanation not credible and nonsensical. (This is
5 | relevant to all claims, specifically as to whether Defendant's
6 | stated reasons for Plaintiff's termination are false.)

7 |     15.   Whether or not, in June 2006, Plaintiff received a
8 | performance evaluation from her supervisor, Linda Brown.   In
9 | this evaluation, Plaintiff received an overall rating of
10 | "Successful," with no rating less than "Successful" in any of
11 | the six subcategories. In the evaluation, Ms. Brown commented,
12 | "Roslyn does an excellent job of staying on top of several
13 | projects at the same time.  Roslyn is always looking for a
14 | better, faster, easier way to complete assignments. (This is
15 | relevant to all claims, specifically as to whether Defendant's
16 | stated reasons for Plaintiff's termination are false.  This is
17 | also relevant to Plaintiff's damages, specifically whether she
18 | would have been promoted and/or retained by Defendant absent
19 | a discriminatory or retaliatory termination.)

20 |     16.   Whether or not Ms. Brown met with both Ms. Dwyer and
21 | Plaintiff together, and asked them again who it was that set
22 | up the volunteer meeting given that they both claimed credit
23 | it. (This is relevant to all claims, specifically as to whether
24 | Defendant's stated reasons for Plaintiff's termination are
25 | false.)

26 |     17.   Whether or not Ms. Dwyer indicated that it was her

1  idea, and Plaintiff remained silent for a long period, and
2  Plaintiff again remain silent when Ms. Brown asked her directly
3  why she claimed credit for work that Ms. Dwyer was claiming
4  credit for. (This is relevant to all claims, specifically as
5  to whether Defendant's stated reasons for Plaintiff's
6  termination are false.)

7       18. Whether or not, thereafter, Ms. Brown decided to
8  terminate Plaintiff's employment during the probationary
9  period. (This is relevant to all claims, specifically as to
10  whether Defendant's stated reasons for Plaintiff's termination
11  are false.)

12      19. Whether or not Plaintiff's position would not
13  automatically convert to a permanent position at the end of
14  that term. (This is relevant to all claims, specifically as to
15  whether Defendant's stated reasons for Plaintiff's termination
16  are false. This is also relevant to Plaintiff's damages,
17  specifically whether she would have been promoted and/or
18  retained by Defendant absent a discriminatory or retaliatory
19  termination.)

20      20. Whether or not Ms. Brown stopped proofreading
21  Plaintiff's work product at some point prior to the termination
22  of Plaintiff's employment unless Plaintiff requested that Ms.
23  Brown review Plaintiff's work. (This is relevant to all
24  claims, specifically as to whether Defendant's stated reasons
25  for Plaintiff's termination are false.)

26      21. Whether or not Plaintiff and Ms. Dwyer testified that

1 they were treated similarly by Ms. Brown, as did some of the
2 Special Emphasis Program Managers who had interactions with Ms.
3 Brown. (This is relevant to all claims, specifically as to
4 whether Defendant's stated reasons for Plaintiff's termination
5 are false, whether Plaintiff was discriminated against, and
6 whether Plaintiff was retaliated against.   This is also
7 relevant to Ms. Brown's alleged animus, and whether she treated
8 similarly situated employees differently.)

9     22.   Whether or not, a few months after Plaintiff's
10 termination, Ms. Brown proposed that Ms. Dwyer's employment be
11 terminated as well. (This is relevant to all claims,
12 specifically as to whether Defendant's stated reasons for
13 Plaintiff's termination are false, whether Plaintiff was
14 discriminated against, and whether Plaintiff was retaliated
15 against.   This is also relevant to Ms. Brown's alleged animus,
16 and whether she treated similarly situated employees
17 differently.)

18     23.   Whether or not Ms. Dwyer is disabled. (This is
19 relevant to all claims, specifically as to whether Defendant's
20 stated reasons for Plaintiff's termination are false, whether
21 Plaintiff was discriminated against, and whether Plaintiff was
22 retaliated against.   This is also relevant to Ms. Brown's
23 alleged animus, and whether she treated similarly situated
24 employees differently.)

25     24.   Whether or not Ms. Brown ever inquired of Plaintiff
26 or Ms. Dwyer as to what was said in the meeting with Ms.

1 Richert on August 9, 2006. This is relevant to all claims,
2 specifically as to whether Defendant's stated reasons for
3 Plaintiff's termination are false, whether Plaintiff was
4 discriminated against, and whether Plaintiff was retaliated
5 against. This is also relevant to Ms. Brown's alleged animus,
6 and whether _____ retaliated against Plaintiff for making a
7 complaint.)

8    DISPUTED FACTUAL ISSUES RELEVANT TO PLAINTIFF'S EMPLOYMENT
9             DISCRIMINATION BASED ON DISABILITY CLAIM

10   1.   Whether  or  not  Plaintiff's  disability  was  a
11 motivating reason for Ms. Brown's decision to terminate her.
12 (This is relevant to whether Plaintiff's disability contributed
13 to the decision to terminate Plaintiff's employment.)

14   2.   Whether or not Ms. Brown told a co-worker in July or
15 August 2005, that Plaintiff was not of average intelligence,
16 nor could she read or write, or words to that effect.  (This
17 is relevant to whether Plaintiff's disability contributed to
18 the decision to terminate Plaintiff's employment.)

19   3.   Whether or not Ms. Brown referred to Plaintiff in
20 July or August 2005, as "mentally handicapped."  (This is
21 relevant to whether Plaintiff's disability contributed to the
22 decision to terminate Plaintiff's employment.)

23   4.   Whether or not Ms. Brown stated in July or August
24 2005, that each of her employees was "handicapped by one form
25 of  stupidity  or  another."   (This  is  relevant  to  whether
26 Plaintiff's disability contributed to the decision to terminate

12

1 Plaintiff's employment.)

2     5. Whether or not Ms. Brown expressed anger and
3 resentment about the time and effort she had to give her own
4 daughter, who Plaintiff claims Ms. Brown referred to as
5 "mentally retarded" or "mentally ill." (This is relevant to
6 whether Plaintiff's disability contributed to the decision to
7 terminate Plaintiff's employment.),

8     6. Whether or not Ms. Brown concluded she could not
9 trust Plaintiff's judgment or her candor because of Plaintiff's
10 two allegedly false statements in August 2006, coupled with
11 Plaintiff's earlier allegedly racially offensive statement to
12 Mr. Smith in April 2006.

13     7. Whether or not Ms. Brown terminated Plaintiff's
14 probationary employment due to Ms. Brown's alleged lack of
15 trust in Plaintiff's judgment and her candor.

16     8. Whether or not Ms. Brown followed correct government
17 procedure in disciplining Plaintiff and whether government EEO
18 officials followed correct procedure in addressing Plaintiff's
19 complaints.

20     9. Whether or not Plaintiff and Ms. Dwyer testified that
21 they were treated similarly by Ms. Brown, as did some of the
22 Special Emphasis Program Managers who had interactions with Ms.
23 Brown.

24     10. Whether or not, a few months after Plaintiff's
25 termination, Ms. Brown proposed that Ms. Dwyer's employment be
26 terminated as well.

13

1        11.   Whether or not Ms. Dwyer is disabled.

2    DISPUTED FACTUAL ISSUES RELEVANT TO PLAINTIFF'S RETALIATION

3                            CLAIM

4        1.   Whether or not Plaintiff raised concerns about a
5    hostile work environment and/or disability discrimination
6    during Plaintiff's meeting with Ms. Richert in August 2006.
7    (This is relevant to the issue of whether Plaintiff engaged in
8    protected activity.)

9        2.   Whether or not Ms. Brown became upset with Plaintiff
10   for "going over Ms. Brown's head" by talking to a member of
11   Human Resources about Plaintiff's position description in May
12   or June 2006.   (This is relevant to Plaintiff's retaliation
13   claim because it relates to whether Ms. Brown harbored
14   retaliatory animus.)

15       3.   Whether or not Ms. Brown told Plaintiff that "if she,
16   [Ms. Brown] were any other supervisor" Plaintiff would have
17   been fired.   (This is relevant to Plaintiff's retaliation claim
18   because it relates to whether Ms. Brown harbored retaliatory
19   animus.)

20       4.   Whether or not, prior to Ms. Brown's decision to
21   terminate Plaintiff's probationary employment, Ms. Brown knew
22   that Plaintiff had allegedly complained about a hostile work
23   environment and disability discrimination during the August 9,
24   2006 meeting with Chief of Staff Richert.   (This is relevant
25   to whether Plaintiff's alleged protected activity contributed
26   to the decision to terminate Plaintiff.

                              14

1   **V.   NON-DISCOVERY MOTIONS TO THE COURT AND RESOLUTION**

2       Plaintiff moved for IFP status, which was granted and
3   appointment of counsel, which was denied. Plaintiff moved for
4   a default judgment, which was denied, and the Army Corps moved
5   to dismiss the First Amended Complaint, which was mooted by
6   plaintiff filing an Amended Complaint omitting the Army Corps,
7   and naming only McHugh, Secretary of the Army, as defendant.
8   Defendant moved to dismiss the Declaratory Judgment claim of
9   the Second Amended Complaint, which was granted with prejudice,
10  and to strike and dismiss the Third Amended Complaint, which
11  was granted. Defendant moved for summary judgment, which was
12  granted as to compensatory damages for the retaliation claim,
13  and otherwise denied.

14      The plaintiff now claims that later Ninth Circuit
15  determinations suggest that the court's original ruling was
16  erroneous. Despite the fact that law and motion has been cut
17  off, the court will grant the plaintiff fifteen (15) days to
18  file a motion for reconsideration and the court will hear the
19  matter on December 5, 2011 at 10:00 a.m.

20  **VI.   DISPUTED EVIDENTIARY ISSUES**

21      Plaintiff intends to move in limine, pursuant to Fed. Rule
22  of Evidence 403, to exclude evidence of the details of the
23  comment made by Plaintiff to A.R. Smith on April 7, 2006 and
24  to limit references to such comment to the phrase:
25  "inappropriate comment." The phrase "inappropriate comment" is
26  the phrase used by Linda Brown in Plaintiff's notice of

15

1 Termination. The details of the comment were not stated in the
2 Notice of termination and the danger of prejudice associated
3 with these comments substantially outweighs their probative
4 value.

5 Plaintiff anticipates that issues regarding production of
6 evidence during discovery, document retention, and compliance
7 with document retention policies will also constitute
8 evidentiary issues to be addressed. Plaintiff anticipates
9 addressing these issues through jury instructions.

10 Plaintiff anticipates that Defendant will move to exclude
11 testimony related to Plaintiff's emotional distress,
12 specifically, witnesses who will testify about their
13 observations of Plaintiff before and after her termination.
14 Plaintiff suggests that this issue be resolved by motion in
15 limine.

16 The Secretary will move to exclude any expert opinion
17 testimony to be offered on behalf of Plaintiff, including
18 testimony by her mother, Lois McCoy, her son, Jonathan McCoy,
19 and her friend, Polly Baumbauer, and by any other individual
20 identified on Plaintiff's Witness List [D.E. 85], as well as
21 exhibits containing similar evidence. See Pltf's Proposed
22 Exhibits 76 and 80. Plaintiff had at one point identified her
23 mother, son, and friend as potentially providing expert witness
24 testimony but failed to present any reports for them under Rule
25 26(a)(2). After the Secretary objected, Plaintiff withdrew the
26 designations for Lois McCoy and Polly Baumbauer, and also

16

1 failed to produce a report for Jonathan McCoy. Accordingly,
2 Plaintiff is barred from eliciting expert testimony or opinions
3 from these individuals at trial. See Fed.R.Civ.P. 26(a)(2);
4 Fed.R.Civ.P. 37(c)(1).

5       The Secretary will move to exclude or otherwise limit
6 Plaintiff's testimony regarding emotional distress to her
7 stipulation that she suffered "garden variety" emotional
8 distress. In particular, in response to the Secretary's notice
9 that he would be seeking an independent medical (physiological)
10 examination, Plaintiff conceded she is only seeking garden
11 variety emotional distress. She also did not oppose summary
12 judgment on this point. Accordingly, the jury should be
13 instructed that she is seeking only "garden variety" emotional
14 distress, and Plaintiff should be limited to only her own
15 testimony on this point.

16      The Secretary will move to limit Plaintiff's compensatory
17 damages to "garden variety" emotion distress, and to exclude
18 any other form of compensatory damages, based on her
19 stipulation to that effect and based on the absence of any
20 competent testimony or evidence with respect to any other
21 compensatory damages. This includes Plaintiff's apparent
22 intention to claim as damages certain dental expenses, as
23 indicated by proposed exhibits identified on Plaintiff's
24 Exhibit List [DE 84]. See, e.g., Pltf's Proposed Exhibits 61,
25 62. The Secretary previously objected to Plaintiff's
26 designation of her dentist as an expert, and Plaintiff

17

1  subsequently withdrew that designation and has failed to
2  designate any expert or provide an expert report with respect
3  to any alleged dental harm caused by the alleged discriminatory
4  termination. Accordingly, Plaintiff has no admissible evidence
5  showing any causal connection and such evidence must be
6  excluded.

7      The Secretary will move to exclude testimony from Helen
8  Warren and Elaine Woodhall, both of whom are listed as
9  witnesses on Plaintiff's Witness List. See DE 85, at Nos. 16
10 and 18.  The Secretary propounded discovery on Plaintiff to
11 identify individuals with knowledge of facts relevant to
12 Plaintiff's claims.  Neither of these individuals was ever
13 identified as a potential witness by Plaintiff in her discovery
14 responses nor in any supplemental responses.  Plaintiff's
15 failure to timely disclose the identities of these individuals
16 during discovery forecloses their appearance at trial.  See
17 Fed.R.Civ.P.33; Fed.R.Civ.P. 37(c)(1).  Further, Ms. Warren
18 appears to relate to the declaratory relief claim for a
19 different administrative complaint; the subject of which was
20 dismissed from this action by the Court's order. See DE 62.
21 Accordingly, Ms. Warren's proffered testimony is irrelevant.

22      Plaintiff has identified numerous documents that do not
23 reference a Bates number.  Until the Secretary has the
24 opportunity to determine whether these documents have
25 previously been produced by Plaintiff in response to the
26 Secretary's discovery requests, or were otherwise made

18

available to the Secretary through discovery or were part of the administrative record, the Secretary reserves the right to object to any documents or evidence that was not previously produced to the Secretary in discovery.   See Fed.R.Civ.P.34; Fed.R.Civ.P. 37(c)(1).

Plaintiff has identified the entirety of the testimony before the Administrative Law Judge, as well as affidavits or statements from various individuals that Plaintiff has also identified as her witnesses.  See Plaintiff's Proposed Exhibit List [DE 84], at Ex. Nos. 58, 59, 78, 79, 81-82.  The Secretary reserves the right to object to any particular testimony or affidavit by Plaintiff's witnesses on the basis of hearsay or any other applicable evidentiary basis prior to or at the time of trial.

Plaintiff has identified a significant number of witnesses that appear to be character witnesses only and/or related to the issue of Plaintiff's emotional state, and will not testify to any percipient knowledge about the alleged discrimination and retaliation in connection with her termination.   See Plaintiff's Witness List [DE 85], Nos. 1, 4, 8, 9, 21, 15, 17. The Secretary reserves the right to challenge all or some of these witnesses on the basis of the relevance of their testimony as well as that their testimony will be cumulative and unduly burdensome.

Plaintiff has identified as potential exhibits letters of recommendation unrelated to any issues in the case, including

1 | her initial appointment, and letters to employers subsequent
2 | to her termination.  See Plaintiff's Proposed Exhibit List [DE
3 | 84], at Ex. Nos. 34, 35, 37, 38, and 39.  The Secretary will
4 | move to exclude these documents as hearsay and irrelevant.

5 |     The Secretary will move to exclude and have Plaintiff
6 | destroy or return all copies of an attorney-client privileged
7 | document that was inadvertently produced to Plaintiff in
8 | discovery.   The Secretary had previously identified the
9 | document, and withheld it from discovery, but another copy was
10 | inadvertently produced.  On September 21, 2011, the Secretary
11 | informed Plaintiff of this issue after reviewing Plaintiff's
12 | exhibit list, and requested Plaintiff destroy or return the
13 | document.  Plaintiff has not responded to date.  Plaintiff's
14 | possession and use of the document is foreclosed.   See
15 | Fed.R.Evid. 702; Fed.R.Civ.P. 26(b)(5)(B).

16 |     The parties shall file cross motions in limine to be heard
17 | on the same date as the motion to reconsider.

18 |                **VII.   SPECIAL FACTUAL INFORMATION**
19 |     None.

20 |                  **VIII.   RELIEF SOUGHT**
21 |     Plaintiff seeks:
22 |     1.   Back pay,
23 |     2.   Compensatory damages,
24 |     3.   Injunctive relief, including sanitization of
25 |         plaintiff's personnel file and a request for a
26 |         positive referral,

1        4.    Attorneys' fees, costs of suit and interest.

2        Defendant seeks judgment in its favor and costs.

3                      IX.   **POINTS OF LAW**

4        (a)  The  elements,  standards,  and  burdens  of  proof  for

5   making a federal Rehabilitation Act claim.

6        (b)  The  elements,  standards,  and  burdens  of  proof  for

7   making  a  retaliation  claim  under  the  federal  Rehabilitation

8   Act.

9        (c)  The  legal  standard  for  awarding  compensatory  damages

10  (on the discrimination claim), and back pay.

11       ANY   CAUSES   OF   ACTION OR AFFIRMATIVE DEFENSES NOT

12  EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW

13  AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

14                      X.   **ABANDONED ISSUES**

15       None.

16                      XI.   **WITNESSES**

17       Plaintiff  anticipates  calling  the  following  witnesses:

18       See attachment "A".

19       Defendant  anticipates  calling  the  following  witnesses:

20       See attachment "B".

21       Each party may call a witness designated by the other.

22       A.    No  other  witnesses  will  be  permitted  to  testify

23  unless:

24       (1)   The party offering the witness demonstrates that

25  the witness is for the purpose of rebutting evidence which

26  ////

1 | could not be reasonably anticipated at the Pretrial Conference,
2 | or

3 |    (2) The witness was discovered after the Pretrial
4 | Conference and the proffering party makes the showing required
5 | in "B" below.

6 |   B. Upon the post-Pretrial discovery of witnesses, the
7 | attorney shall promptly inform the court and opposing parties
8 | of the existence of the unlisted witnesses so that the court
9 | may consider at trial whether the witnesses shall be permitted
10 | to testify.  The evidence will not be permitted unless:

11 |    (1) The witnesses could not reasonably have been
12 | discovered prior to Pretrial;

13 |    (2) The court and opposing counsel were promptly
14 | notified upon discovery of the witnesses;

15 |    (3) If time permitted, counsel proffered the
16 | witnesses for deposition;

17 |    (4) If time did not permit, a reasonable summary of
18 | the witnesses' testimony was provided opposing counsel.

19 |      **XII. EXHIBITS, SCHEDULES AND SUMMARIES**

20 |   Plaintiff contemplates the following by way of exhibits:
21 |   See attachment "C".

22 |   Defendant contemplates the following by way of exhibits:
23 |   See attachment "D".

24 |   A. No other exhibits will be permitted to be introduced
25 | unless:

26 | ////

1            (1)   The party proffering the exhibit demonstrates
2  that the exhibit is for the purpose of rebutting evidence which
3  could not be reasonably anticipated at the Pretrial Conference,
4  or

5            (2)   The exhibit was discovered after the Pretrial
6  Conference and the proffering party makes the showing required
7  in paragraph "B," below.

8      B.   Upon the post-Pretrial discovery of exhibits, the
9  attorneys shall promptly inform the court and opposing counsel
10  of the existence of such exhibits so that the court may
11  consider at trial their admissibility.  The exhibits will not
12  be received unless the proffering party demonstrates:

13            (1)   The exhibits could not reasonably have been
14  discovered prior to Pretrial;

15            (2)   The court and counsel were promptly informed of
16  their existence;

17            (3)   Counsel forwarded a copy of the exhibit(s) (if
18  physically possible) to opposing counsel.  If the exhibit(s)
19  may not be copied, the proffering counsel must show that he has
20  made the exhibit(s) reasonably available for inspection by
21  opposing counsel.

22      As to each exhibit, each party is ordered to exchange
23  copies of the exhibit not later than fourteen (14) days from
24  the date of this Pretrial Order.  Each party is then granted
25  fourteen (14) days to file with the court and serve on opposing
26  counsel any objections to said exhibits.  In making said

1   objections, the party is to set forth the grounds for the
2   objection.   As to each exhibit which is not objected to, it
3   shall be marked and received into evidence and will require no
4   further foundation.   Each exhibit which is objected to will be
5   marked for identification only.

6       In addition to electronically filing said objections, if
7   any, the objections must be submitted by email, as an
8   attachment   in   Word   or   WordPerfect   format,   to:
9   arivas@caed.uscourts.gov.

10      The attorney for each party is directed to appear before
11  and present an original and one (1) copy of said exhibit to Ana
12  Rivas, Deputy Courtroom Clerk, not later than 10:30 a.m. on the
13  date set for trial.   All exhibits shall be submitted to the
14  court in binders.   Plaintiff's exhibits shall be listed
15  numerically.   Defendant's exhibits shall be listed
16  alphabetically.   The parties shall use the standard exhibit
17  stickers provided by the court:   pink for plaintiff and blue
18  for defendant.

19                **XIII.   DISCOVERY DOCUMENTS**

20      Discovery documents to be used in the case-in-chief:

21      Pursuant to Local Rule 281(b)(12), Plaintiff designates
22  the following answers to interrogatories and responses to
23  requests for admissions to be offered at trial:

24      Defendants' Answers to Interrogatories Nos. 1,2, 3, 4, 6,
25  8, 9, 11, 17, 18, 21.
26  ////

1   Defendants' Requests for Admissions Response Nos. 3, 4,
2  5, 6, 7, 8, 17, 19, 20, 21, 22.

3   Defendants' Request for Production of Documents Responses
4  Nos. 7, 8, 55.

5   United States Discovery Documents:

6   The United States intends to use at trial the following
7  discovery:

8   Plaintiffs' responses to admissions nos. 5, 6, 7, 11, 12,
9  16, 30, 31, 32, 34, 35, 51, .

10   Plaintiffs' response to interrogatory nos. 3, 4, 5.

11   **XIV.   FURTHER DISCOVERY OR MOTIONS**

12   None, save and except for the permission to bring a motion
13  to reconsider relative to compensatory damages under the
14  Rehabilitation Act.

15   **XV.   STIPULATIONS**

16   The parties have agreed that the plaintiff's mother will
17  be permitted to testify as to her perceptions of the
18  plaintiff's emotional upset but will not be permitted to
19  testify as to any medical condition, despite the fact she is
20  a psychologist.  The jury will also not be informed that she
21  is a psychologist.

22   In light of this stipulation, the defendants will withdraw
23  exhibit 3(a).

24   **XVI.   AMENDMENTS/DISMISSALS**

25   None.

26  ////

25

XVII.   **FURTHER TRIAL PREPARATION**

A.    Counsel are directed to Local Rule 285 regarding the contents of and the time for filing trial briefs.

B.    Counsel are informed that the court has prepared a set of standard jury instructions.  In general, they cover all aspects of the trial except those relating to the specific claims of the complaint. Accordingly, counsel need not prepare instructions concerning matters within the scope of the prepared instructions.  A copy of the prepared instructions is given to the parties at the Pretrial Conference.

C.    Counsel are further directed that their specific jury instructions shall be filed fourteen (14) calendar days prior to the date of trial.  As to any instructions counsel desires to offer, they shall be prepared in accordance with Local Rule 163(b)(1) which provides:

> "Two copies of the instructions shall be submitted.
> One copy shall be electronically filed as a .pdf
> document and shall contain each instruction on a
> separate page, numbered and identified as to the
> party presenting it. Each instruction shall cite the
> decision, statute, ordinance, regulation or other
> authority supporting the proposition stated in the
> instruction."

The second copy ("jury copy") shall be submitted by e-mail to lkkorders@caed.uscourts.gov.

////

1        **In addition, counsel shall provide copies of proposed**
2  **forms of verdict, including special verdict forms, at the time**
3  **the proposed jury instructions are filed with the court.**

4        D.   It is the duty of counsel to ensure that any
5  deposition which is to be used at trial has been filed with the
6  Clerk of the Court.  Counsel are cautioned that a failure to
7  discharge this duty may result in the court precluding use of
8  the deposition or imposition of such other sanctions as the
9  court deems appropriate.

10       E.   The parties are ordered to file with the court and
11  exchange between themselves not later than one (1) week before
12  the trial a statement designating portions of depositions
13  intended to be offered or read into evidence (except for
14  portions to be used only for impeachment or rebuttal).

15      F.   The parties are ordered to file with the court and
16  exchange between themselves not later than one (1) week before
17  trial the portions of answers to interrogatories which the
18  respective parties intend to offer or read into evidence at the
19  trial (except portions to be used only for impeachment or
20  rebuttal).

21       G.   The court has extensive audiovisual equipment
22  available.  Any counsel contemplating its use shall contact the
23  court's Telecommunications Manager, Andre Carrier, at (916)
24  930-4223, at least two weeks in advance of trial to receive the
25  appropriate training.

26  ////

27

1
### XVIII.  SETTLEMENT NEGOTIATIONS

2      A Settlement Conference is **SET** before the Honorable  Dale
3  A. Drozd, United States Magistrate Judge, on January 12, 2012
4  at  10:00  a.m.   Counsel  are  directed  to  submit  settlement
5  conference statements to the settlement judge **not later than**
6  **seven (7) days prior to the conference and shall be e-mailed**
7  **to:**   dadorders@caed.uscourts.gov. At counsel's option, such
8  statements may be submitted in confidence pursuant to Local
9  Rule 270(d).

10      Each party is directed to have a principal capable of
11  disposition  at  the  Settlement  Conference  or  to  be  fully
12  authorized to settle  the  matter  on  any  terms  and  at  the
13  Settlement Conference.

14
### XIX.  TRIAL EXHIBITS

15      Plaintiff reserves the right to use trial presentation
16  software.

17
### XX.  SEPARATE TRIAL OF ISSUES

18      None.

19
### XXI.  IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

20      None.

21
### XXII.  ATTORNEYS' FEES

22      Plaintiff will  seek  attorney's  fees  pursuant  to  the
23  statute.

24
### XXIII.  MISCELLANEOUS

25      None.

26  ////

28

1
## XXIV.  ESTIMATE OF TRIAL TIME/TRIAL DATE

2    Jury trial is set for March 20, 2012, at 10:30 a.m. in

3  Courtroom No. 4.  The parties represent in good faith that

4  the trial will take approximately five (5) days.

5    Counsel are to call Ana Rivas, Courtroom Deputy, at

6  (916) 930-4133, one week prior to trial to ascertain status

7  of trial date.

8
## XXV.  OBJECTIONS TO PRETRIAL ORDER

9    Each party is granted fourteen (14) days from the

10 effective date of this Pretrial Order [Tentative] to object

11 to or augment same.  Each party is also granted seven (7)

12 days thereafter to respond to the other party's objections.

13 If no objections or additions are made, the Tentative

14 Pretrial Order will become final without further order of

15 the court.

16    The parties are reminded that pursuant to Federal Rule

17 of Civil Procedure 16(e), this order shall control the

18 subsequent course of this action and shall be modified only

19 to prevent manifest injustice.

20
## XXVI.  OTHER

21    All time limits and dates that refer to the Pretrial Order

22 refer to the date this Pretrial Order [Tentative] is filed and

23 not the date an amended order, if any, is filed.

24    IT IS SO ORDERED.

25 ////

26 ////

29

1      DATED: October 7, 2011.

2

3

4                        LAWRENCE K. KARLTON
                            SENIOR JUDGE

5                        UNITED STATES DISTRICT COURT

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1   John Ota (SBN 195532)
    LAW OFFICES OF JOHN OTA
2   1720 Broadway
    Alameda, CA 94501
3   T. 510.521.7047
    johnota@sbcglobal.net
4
    LAWRENCE A. ORGAN (SBN 175503)
5   BARBARA E. FIGARI (SBN 251942)
    EQUALITY LAWYERS LLP
6   407 San Anselmo Avenue, Suite 201
    San Anselmo, CA 94960
7   T. 415.453.4740
    F. 415.963.4301
8   larry@equalitylawyers.com
    barbara@equalitylawyers.com
9
    Attorneys for Plaintiff ROSLYN G. MCCOY
10

11

12              IN THE UNITED STATES DISTRICT COURT

13           FOR THE EASTERN DISTRICT OF CALIFORNIA

14                   (SACRAMENTO DIVISION)

15

16

17   ROSLYN G. McCOY,                    CASE NO: 2:09-CV-01973 LKK-CMK

18              Plaintiff,               **PLAINTIFF ROSLYN McCOY'S
                                         WITNESS LIST**
19      vs.

20                                       Pretrial Conference: September 6, 2011
                                         Time: 1:30 p.m.
     JOHN MCHUGH, SECRETARY OF           Trial Date: December 6, 2011
21   THE ARMY, collectively,             Judge: Hon. Lawrence K. Karlton

22
                Defendants.
23

24

25

26

27

28
                         ATTACHMENT "A"
                               1

1    Pursuant to Local Rule 281(b)(10) Plaintiff Roslyn McCoy intends to call the following

2  witnesses at trial:

3    1. Polly Bambauer

4       2060 Butte St.

5       Redding, CA 96001

6    2. Linda Brown – Employee of Defendant

7       1325 J Street, Room 840

8       Sacramento CA, 95814

9    3. Penelope Cross

10      1325 J Street, Room 1440

11      Sacramento, CA 95814

12   4. Deanna D. Cooper

13      404 East Lake Street

14      Mt. Shasta, CA 96067

15   5. Barbara Dwyer

16      1325 J Street

17      Sacramento CA, 95814

18   6. John Esparza

19      3041 Pebble Beach Circle

20      Fairfield, CA 94534

21   7. Jason Faridi

22      9707 Almond Wood Drive

23      Oakdale, CA 95361

24   8. Jonathan McCoy

25      404 East Lake Street

26      Mt. Shasta, CA 96067

27   9. Lois E. McCoy

28      1327 Tipperary St.

2

1    Boulder, CO 80303

2    10. Roslyn McCoy - Plaintiff

3        404 East Lake Street

4        Mt. Shasta, CA 96067

5    11. Debora Richert – Former Chief of Staff, USACOE, Sacramento District

6        204 Lee Avenue

7        Fort Meyer, VA 22211

8    12. Katherine E. Sawyer

9        1325 J Street

10       Sacramento CA, 95814

11   13. Arthur R. Smith

12       2100 Bridgeway Boulevard

13       Sausalito, CA 94965

14   14. Ted Surratt – Employee of Defendant

15       1325 J Street, Room 840

16       Sacramento CA, 95814

17   15. Robert Taylor

18       Last known address:

19       1325 J Street

20       Sacramento, CA 95814

21   16. Helen Warren

22       Civilian Personnel Management Service

23       Investigations and Resolutions Division

24       P.O. Box 135

25       Roseville, CA 95678

26   17. Keiko Wilson

27       1325 J Street

28       Sacramento, CA 95814

3

18. Elaine Woodhall – Employee of Defendant

    1325 J Street

    Sacramento CA, 95814

Respectfully submitted,

DATED:  September 19, 2011          **EQUALITY LAWYERS, LLP**

*/s/ Barbara E. Figari*

LAWRENCE A. ORGAN, ESQ.
BARBARA E. FIGARI, ESQ.

4

1        **Attachment A to Secretary's Pretrial Conference Statement**

2                          <u>Secretary's Proposed Witness List</u>

3    1.    Linda L. Brown
           EEO Manager,
4          United States Army Corps of Engineers, Sacramento District
           1325 J. Street, Room 840
5          Sacramento, CA 95825

6          <u>To be contacted through defense counsel only</u>

7    2.    Debora C. Richert
           Formerly Chief of Staff,
8          United States Army Corps of Engineers, Sacramento District
           204 Lee Avenue
9          Fort Myer, VA 22211

10         <u>To be contacted through defense counsel only</u>

11   3.    Arthur R. Smith
           Formerly Chief of Safety & Occupational Health Office,
12         United States Army Corps of Engineers, Sacramento District
           2100 Bridgeway Boulevard
13         Sausalito, CA 94965

14         <u>To be contacted through defense counsel only</u>

15   4.    Ted D.Surratt
           Formerly Human Resources Specialist, Civilian Human Resources Agency,
16         United States Army Corps of Engineers, South Pacific Division-Civilian Personnel
           Advisory Center
17         Current contact information to be determined

18         <u>To be contacted through defense counsel only</u>

19   5.    Larry Rinetti
           Formerly Supervisory Human Resources Specialist
20         Civilian Human Resources Agency,
           United States Army Corps of Engineers, South Pacific Division-Civilian Personnel
21         Advisory Center
           Current contact information to be determined
22
           <u>To be contacted through defense counsel only</u>
23
     6.    Barbara Dwyer
24         1325 J. Street, Room 840
           Sacramento, CA 95825
25
     7.    Susan Bayless
26         United States Army Corps of Engineers, Sacramento District
           1325 J. Street
27         Sacramento, CA 95825

28         <u>To be contacted through defense counsel only</u>

                          ATTACHMENT "B"

1

2
8.   Roslyn McCoy
     Plaintiff
     404 East Lake Street
3     Mt. Shasta, CA 96067

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | John Ota (SBN 195532)
LAW OFFICES OF JOHN OTA
2 | 1720 Broadway
Alameda, CA 94501
3 | T. 510.521.7047
johnota@sbcglobal.net
4 |
LAWRENCE A. ORGAN (SBN 175503)
5 | BARBARA E. FIGARI (SBN 251942)
**EQUALITY LAWYERS LLP**
6 | 407 San Anselmo Avenue, Suite 201
San Anselmo, CA 94960
7 | T. 415.453.4740
F. 415.963.4301
8 | larry@equalitylawyers.com
barbara@equalitylawyers.com
9 |
Attorneys for Plaintiff ROSLYN G. MCCOY
10 |

11 |

12 |                    IN THE UNITED STATES DISTRICT COURT

13 |                  FOR THE EASTERN DISTRICT OF CALIFORNIA

14 |                           (SACRAMENTO DIVISION)

15 |

16 |

17 | ROSLYN G. McCOY,                    CASE NO: 2:09-CV-01973 LKK-CMK

18 |         Plaintiff,                  **PLAINTIFF ROSLYN McCOY'S
                                         EXHIBIT LIST**

19 |     vs.

20 |                                     Pretrial Conference: October 3, 2011
JOHN MCHUGH, SECRETARY OF             Time: 1:30 p.m.
21 | THE ARMY, collectively,              Trial Date: December 6, 2011
                                         Judge: Hon. Lawrence K. Karlton
22 |

23 |         Defendants.

24 |

25 |

26 |

27 |

28 |

                                ATTACHMENT "C"
                                      1

Pursuant to Local Rule 281(b)(11) Plaintiff Roslyn McCoy submits the following list of exhibits she intends to proffer at trial:

| Exhibit No. | Description | Bates Number |
|---|---|---|
| 1 | Notice of Termination and accompanying Memoranda for Record | USACOE-1303 – 1311 |
| 2 | Plaintiff's Performance Counseling Worksheet dated 12-19-05 | USACOE-1449 – 1450 |
| 3 | Plaintiff's Performance Counseling Worksheet dated 2-23-06 | USACOE-1460 |
| 4 | Plaintiff's Base System Civilian Evaluation Report – June 2006 | USACOE-1451 – 1456 |
| 5 | September 5, 2006 email from Ted Surratt to Linda Brown. Subject: Sample Termination Letter during Probationary Period | USACOE-1141 – 1142 |
| 6 | September 5, 2006 email from Larry Rinetti to Linda Brown. Subject: FW: Temp Termination Ltr | USACOE-1143 |
| 7 | Plaintiff's 2005 Student Info Report | USACOE-0090 |
| 8 | August 4, 2005 Email to Linda Brown. Subject: CPOL Resume Builder | USACOE-0299 – 300 |
| 9 | Email chain between Plaintiff, John Esparza, Barbara Dwyer and Linda Brown dated April 13, 2006 – May 3, 2006 | USACOE-0154 - 0160 |
| 10 | August 3- 4, 2005 Email chain between Linda Brown and Ted Surratt. Subject: RE: Roslyn | USACOE-0107 |
| 11 | August 31, 2005 Email from Nicholas J. Applegate to Plaintiff, Linda Brown, Ted Surratt. Subject: Excepted Service Appointment | USACOE-0127 |
| 12 | June – July 2006 Emails between Linda Brown and Ted Surratt. Subject: Roslyn McCoy | USACOE-0108 – 0109 |
| 13 | Document Titled: RM CONTINUATION | USACOE-0126 |
| 14 | Notice of Personnel Action effective date: 05-31-2005 | USACOE-0142 |
| 15 | Notice of Personnel Action effective date: 01-08-2006 | USACOE-0140 |
| 16 | Notice of Personnel Action effective date: 06-11-2006 | USACOE-0141 |
| 17 | Request for Personnel Action proposed effective date: 09-16-2006 | USACOE-0143 – 0145 |
| 18 | September 6, 2006 Email chain between Linda Brown and LTC James A. Porter. Subject: Roslyn McCoy – LDP Tier 2 Recommendation | USACOE – 1150 |
| 19 | November 18, 2005 Email chain between Roslyn McCoy and Linda Brown. Subject: Correction of official listings | USACOE-0086, USACOE-0438 |

2

| | | |
|---|---|---|
| 20 | Emails and flyers regarding Diversity Jubilee | USACOE-1108 – 1112 |
| 21 | August 30, 2006 Email from Linda Brown to Debora C. Reichert.  Subject: Doctor's Appointment/EEO Teambuilding Session | USACOE-1131 |
| 22 | Email chain between Plaintiff, Barbara Dwyer, Linda Brown.  Subject: Diversity Jubilee Update | USACOE-1132 – 1133; USACOE-1169 |
| 23 | Plaintiff's Civilian Leave Earnings Statements from 7/09/05 through 9/30/06 | N/A |
| 24 | Plaintiff's Individualized Plan for Employment | RM0044 – 56 |
| 25 | Plaintiff's Plan to Achieve Self-Support | RM0616 – 639 |
| 26 | September 14, 2006 Email chain between Patricia Hawkins, Linda Brown and Larry Rinetti.  Subject: Roslyn | USACOE-1164 |
| 27 | Email chain between Jason Faridi, John Esparza, Plaintiff, Katrina Chow, Barbara Dwyer.  Subject: SEPM meeting | USACOE-1444 – 1446 |
| 28 | Email Chain between Plaintiff, Barbara Dwyer and Jason Faridi dated October 4 – 5, 2005. | USACOE-1653-1654 |
| 29 | Email chain between Plaintiff and Keiko Wilson dated August 23, 2006 | No Bates Number |
| 30 | Letter from Katherine E. Sawyer to Col. Light dated September 11, 2006 | No Bates Number |
| 31 | USACOE District Organization Chart | USACOE-0050 |
| 32 | Calculation Worksheet for Student Pay & Benefits 2005 Summer Hire Program for Students with Disabilities | USACOE-0181 |
| 33 | Plaintiff's Summer Job Authorization Form | USACOE-0180 |
| 34 | Letter of Recommendation from Karen Ziegler to Hiring Committee regarding Plaintiff dated February 3, 2005 | No Bates Number |
| 35 | Letter of Recommendation from Ralph D. McFarland regarding Plaintiff dated February 3, 2005 | No Bates Number |
| 36 | Letter from Lankford S. Satterfield of the Safety and Occupational Health Office regarding Plaintiff dated September 14, 2006 | No Bates Number |
| 37 | Letter of Recommendation from Katherine E. Sawyer regarding Plaintiff dated September 14, 2006 | No Bates Number |
| 38 | Letter of Recommendation from Barbara Dwyer regarding Plaintiff dated September 23, 2006 | No Bates Number |
| 39 | Letter of Recommendation from Jim Arack, PhD regarding Plaintiff dated October 12, 2006 | No Bates Number |
| 40 | Email from A.R. Smith to Plaintiff dated September 13, 2006 and attachment | RM0113 - 114 |
| 41 | Email chain between Plaintiff and Frederick Royer regarding voice assistive software dated June 15, | No Bates Number |

3

| | | 2006 | |
|---|---|---|---|
| | 42 | Email chain between Plaintiff and Frederick Royer. Subject: requesting upgrade dated July 19, 2006 | No Bates Number |
| | 43 | Email from Plaintiff to Frederick Royer. Subject: grammar checker accommodation.  Dated August 28, 2006 | No Bates Number |
| | 44 | Handwritten Notes marked: "Roslyn 2 May 0950 | USACOE-0094 |
| | 45 | Letter from Plaintiff to EEO/Civil Rights Office dated October 5, 2009 | No Bates Number |
| | 46 | Email from Sandra L. Olivares to Plaintiff, Kenneth Manning, Carl Korman dated February 20, 2009 | No Bates Number |
| | 47 | Photographs of 1325 J Street Sacramento, CA and adjacent parking lot. | No Bates Number |
| | 48 | Email  from Merle Heard to Linda Brown dated August 3, 2005 | USACOE-0298 |
| | 49 | Memorandum For Record dated 12 June 2006 | USACOE-1338 |
| | 50 | Memorandum for Record Dated 21 April 2006 | USACOE-1341-43 |
| | 51 | Notice of Termination and Accompanying Documentation (signed versions) | USACOE-1461 - 1470 |
| | 52 | Relevant Excerpts of Army Regulation 690-600 Civilian Personnel Equal Employment Opportunity Discrimination Complaints | No Bates Number |
| | 56 | Pertinent Agency and Local Guidelines Concerning Excepted Appointments Under the Authority Supporting Complainant's Appointment. | No Bates Number |
| | 57 | Pertinent Agency and Local Guidelines Regarding Disciplinary and Adverse Actions in Effect at the time of the Action at Issue | No Bates Number |
| | 58 | A.R. Smith Declaration from EEO Investigation and email to A.R. Smith from Marie Robichau Subject: Draft – Declaration for the Investigation on Ms. Roslyn McCoy | No Bates Number |
| | 59 | Ted Surratt Declaration from EEO Investigation and email to Ted Surratt from Marie Robichau Subject: Formal EEO Investigation – Ms. Roslyn McCoy | No Bates Number |
| | 60 | Flow Chart of EEO Complaint Process | No Bates Number |
| | 61 | Plaintiff's Delta Dental Policy Information | No Bates Number |
| | 62 | Plaintiff's Dental Bills | RM793 – 800; 802 – 806; 810 – 838 |
| | 63 | Plaintiff's Plan to Achieve Self-Support | RM0659 - 694 |
| | 64 | Plaintiff's Business Plan for Social Security Administration | RM0644 - 658 |
| | 65 | Job Description County of Siskiyou Behavioral Health Clinician I/II | RM0701 |
| | 66 | Job Description Behavioral Health Services Specialist II | RM0702 - 705 |

4

| | 67 | Letter to Plaintiff from College Siskyous Human Resources dated January 29, 2007 | RM0697 |
|---|---|---|---|
| | 68 | Informational Freedom Profit and Loss | No Bates Number |
| | 69 | Fictitious Business Name Statement for Informational Freedom Consultant | No Bates Number |
| | 70 | Informational Freedom Profit & Loss | No Bates Number |
| | 71 | Crew Agreement dated 8-1-07, W-9 and hours log | No Bates Number |
| | 72 | Out Reach Notice Posted 8/8/06 – Pacific Southwest Region 5 Shasta-Trinity National Forest and Outreach Response Form dated August 22, 2006 | No Bates Number |
| | 73 | Plaintiff's Paystubs from IHSS | No Bates Numbers |
| | 74 | Position Description for Equal Employment Opportunity Assistant (Office Automation) | No Bates Numbers |
| | 75 | Plaintiff's Continuation, Rehabilitation Program Report | RM0688 - 691 |
| | 76 | Letter To Whom It May Concern from Polly Bambauer regarding Plaintiff | RM0732 |
| | 77 | Receipt from College of the Siskiyous for Fall 2008 | RM0693 |
| | 78 | Statement from Penelope Ann Cross dated January 30, 2009 | RM0284 - 286 |
| | 79 | Statement from Deanna Dawn Cooper regarding Plaintiff | RM0729 - 730 |
| | 80 | Letter from Lois E. McCoy titled Indications of psychological pain and mental suffering | RM0953 - 954 |
| | 81 | Transcript of Hearing Vol. 1, pages 1 to 241, February 25, 2009 from EEOC Hearing in EEOC Case Number 550-2007-00381X, Roslyn G. McCoy v. Pete Geren, Secretary, Department of the Army (Army Corps of Engineers) | Pages 1 to 241 |
| | 82 | Transcript of Hearing Vol. 2, pages 242 to 252, March 12, 2009 from EEOC Hearing in EEOC Case Number 550-2007-00381X, Roslyn G. McCoy v. Pete Geren, Secretary, Department of the Army (Army Corps of Engineers) | Pages 242 to 252 |

//
//
//
//
//
//
//

1     Plaintiff reserves the right to introduce as exhibits any exhibits not listed here but that appear

2 on Defendant's exhibit list.

3

4                                    Respectfully submitted,

5

6 DATED: September 19, 2011        **EQUALITY LAWYERS, LLP**

7

8                                */s/ Barbara E. Figari*

9                         LAWRENCE A. ORGAN, ESQ.

10                         BARBARA E. FIGARI, ESQ.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF ROSLYN McCOY'S EXHIBIT LIST

Case No. 2:09-CV-01973 LKK-CMK

1

**Attachment B to Secretary's Pretrial Conference Statement**

2

Secretary's Proposed Exhibit List

3

| No. | Description | Basis |
|-----|-------------|-------|
| A. | Excerpts of Transcript of Deposition of Roslyn McCoy | Deposition of Roslyn McCoy, Volumes I and II, June 29-30, 2010 |
| B. | Excerpts of Videotape of Deposition of Roslyn McCoy | Deposition of Roslyn McCoy, Volumes I and II, June 29-30, 2010 |
| C. | Excerpts of Transcript of Administrative Hearing Testimony | Transcript of Hearing, Volumes 1 and 2, February 25, 2009, and March 12, 2009 |
| D. | Excerpts of Fact-Finding Conference | Fact-Finding Conference Conducted by EEO Investigator, March 15, 2007 |
| E. | Resume of Roslyn McCoy | Exhibit 1 to Deposition of Roslyn McCoy; Bates No. RM0641-43 |
| F. | Email correspondence between Roslyn McCoy and Linda Brown, November 18, 2005 | Exhibit 2 to Deposition of Roslyn McCoy; USACOE-86-87 |
| G. | Email correspondence between Roslyn McCoy and Barbara Dwyer, September 15, 2006 | RM182-86 |
| H. | Email correspondence between Roslyn McCoy and Barbara Dwyer, Subject "Memorandum For Record," September 30, 2006 | Exhibit 8 to Deposition of Roslyn McCoy; Bates No. RM0460 |
| I. | Email correspondence between Roslyn McCoy and Barbara Dwyer, Subject: "going over evidence," May 8, 2007 | Exhibit 9 to Deposition of Roslyn McCoy; Bates No. RM0427 |
| J. | Email correspondence between Roslyn McCoy and Anthony Copeland, Subject: "EEO Complaint," dated September 8, 2007 | Exhibit 10 to Deposition of Roslyn McCoy; Bates No. RM0187 |
| K. | Quarterly Performance Counseling Worksheet, 2-23-2006 | Exhibit 11 to Deposition of Roslyn McCoy; USACOE-1460 |
| L. | Email correspondence between Roslyn McCoy and Margaret Hellwege, Subject: "Roslyn McCoy EEO Complaint," September 22, 2006 | Exhibit 14 to Deposition of Roslyn McCoy; Bates No. RM0479-81 |
| M. | Email correspondence between Roslyn McCoy and Barbara Dwyer, Subject: "Roslyn McCoy," October 5, 2006 | Exhibit 15 to Deposition of Roslyn McCoy; Bates Nos. RM0458-59 |
| N. | Roslyn McCoy's Responses to Discovery in Administrative | No Bates Number; Part of Administrative Record |

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ATTACHMENT "D"

| | Proceedings | |
|---|---|---|
| O. | Psychological Evaluation Performed by Anita Kemp, Ph.D. | Exhibit 22 to Deposition of Roslyn McCoy; RM0060-66 |
| P. | Letter from Roslyn McCoy to Henry McClain, dated November 24, 2006 | No Bates Number; Part of Administrative Record |
| Q. | Memorandum for Record Re Defamatory Statement, April 7, 2006 | Exhibit A to Deposition of A.R. Smith; USACOE-1464 |
| S. | Email exchange between Roslyn McCoy and Penelope Cross | Bates No. RM0325 |
| T. | Email exchange between Roslyn McCoy and Penelope Cross | Bates No. RM0365 |
| U. | Email exchange between Roslyn McCoy and Penelope Cross | Bates No. RM0373 |
| V. | Memorandum for Record, Subject "Defamatory Statement" made by Ms. Roslyn McCoy, 2 May 2006 | Exhibit A to Declaration of Linda Brown [DE 67-8]; USACOE-1463 |
| W. | Handwritten Note, 2 May 2006 | USACOE 0094 |
| X. | Memorandum for Record, Subject: Meeting with Ms. Debora Richert Regarding Entertainment Schedule for Diversity Jubilee, 22 August 2006 and documents | Exhibit B to Declaration of Linda Brown [DE 67-8]; USACOE-1465-67 |
| Y. | Memorandum for Record, Subject: Ms. Roslyn McCoy Making False Statements to Supervisory Official, 24 August 2006 | Exhibit C to Declaration of Linda Brown [DE 67-8]; USACOE 1469 |
| Z. | Memorandum for Record, Subject: Meetings with Volunteers for Diversity Jubilee, 24 August 2006 | Exhibit D to Declaration of Linda Brown [DE 67-8]; USACOE 1468 |
| 1A. | Memorandum for Ms. Roslyn G. McCoy, Subject: Notice of Termination, 7 September 2006 | Exhibit E to Declaration of Linda Brown [DE 67-8]; USACOE 1470 |
| 2A. | Sworn Affidavit of Penelope Cross dated January 30, 2009. | Attached as Exhibit A to Secretary's Reply Index of Evidence [DE 76-4]. |
| 3A. | Declaration of Penelope Cross, dated May 6, 2011. | Attached as Exhibit 13 In Opposition to Plaintiff's Opposition to Defendant's Motion to Dismiss [DE 71-3]. |
| 4A. | Declaration of Roslyn McCoy In Opposition to Defendant's Motion for Summary Judgment, dated May 8, 2011 | Docket Entry 70. |
| 5A. | Email correspondence between Linda | USACOE-108-09 |

Attachment B to Secretary's Pretrial Conference Statement
[Proposed Exhibit List]

| | | |
|---|---|---|
| | Brown and Ted Surratt, Subject: Roslyn McCoy, June 7-July 5, 2006 | |
| 6A. | Notice of Personnel Action, dated June 11, 2006 | USACOE-0141 |
| 7A. | Email correspondence between Roslyn McCoy and John Esparza | USACOE-154-160 |
| 8A. | August 29, 2007 medical record of Checkup re Asthma, Dennis Hentrich, PAC | Medical Record Produced by Roslyn McCoy in Administrative Proceedings |
| 9A. | May 17, 2007 medical record of Checkup re Asthma, Dennis Hentrich, PAC | Medical Record Produced by Roslyn McCoy in Administrative Proceedings |
| 10A. | March 13, 2007 medical record of Checkup re Asthma, Dennis Hentrich, PAC | Medical Record Produced by Roslyn McCoy in Administrative Proceedings |
| 11A. | February 16, 2007, medical record re visit for asthma, cat allergy, rosacea, dyslexia with homeopathic medicine, Dennis Hentrich, PAC. | Medical Record Produced by Roslyn McCoy in Administrative Proceedings |
| 12A. | February 13, 2007 record re visit for asthma, Denis Hentrich, PAC | Medical Record Produced by Roslyn McCoy in Administrative Proceedings |
| 13A. | Email correspondence between Roslyn McCoy and Linda Brown, April 20-May 3, 2006 | USACOE-0033 |
| 14A. | Email correspondence between Roslyn McCoy and Linda Brown, May 22, 2006 | USACOE-0981 |
| 15A. | Email correspondence between Linda Brown, Deborah Richert, and Barbara Dwyer, May 19, 2006 | USACOE-01005-1006 |
| 16A. | Email correspondence beteen Linda Brown and Roslyn McCoy, May 22, 2006 | USACOE-0985-86 |
| 17A. | Email correspondence between Linda Brown and Roslyn McCoy, June 26, 2006 | USACOE-1050-52 |
| 18A. | Email correspondence between Linda Brown and Tony Coepland, June 26, 2006 | USACOE-1053-55 |
| 19A. | Email correspondence between Linda Brown, Susan Bayless, and Roslyn McCoy, July 10, 2006 | USACOE-1096-97 |
| 20A. | Email correspondence between Linda | USACOE-1127 |

|  | | |
|---|---|---|
|  | Brown and Roslyn McCoy, August 28, 2006 | |
| 21A. | Email correspondence between Linda Brown and Deborah Richert, August 30, 2011 | USACOE-1131 |
| 22A. | Linda Brown calendar entries, August 23-24, 2006 | USACOE-1437, 1439 |
| 23A. | Linda Brown's calendar entry, May 2, 2006 | USACOE-1419 |
| 24A. | Email correspondence between Roslyn McCoy and Jason Faridi, October 4-5, 2005 | USACOE-1653 |
| 25A. | Formal Complaint of Discrimination filed by Roslyn McCoy, Oct. 10, 2006 | Part of Administrative Record; Attached as Exhibit D to Declaration of Sandra Olivares [DE 67-6] |
| 26A. | 5 C.F.R. § 315.803 | 5 C.F.R. § 315.803 |
| 27A. | Notice of Personnel Action, effective Oct. 1, 2005 | Attached as Exhibit B to Declaration of Sandra Olivares [DE 67-5] |