1

2

3

4

5                      UNITED STATES DISTRICT COURT

6                  FOR THE EASTERN DISTRICT OF CALIFORNIA

7

ROSLYN McCOY,
8
                                    NO. CIV. S-09-1973 LKK/CMK
9          Plaintiff,

10      v.

11 DEPARTMENT OF THE ARMY --
   ARMY CORPS OF ENGINEERS and
12 HONORABLE JOHN McHUGH,
   SECRETARY OF THE ARMY,                    O R D E R
13 collectively,

14

           Defendants.
15 _____/

16      Plaintiff claims that she was terminated from her clerical

17 position with the Army Corps of Engineers because of her dyslexia,

18 in violation of the Rehabilitation Act of 1973. The complaint

19 alleges both retaliation and disparate treatment theories. Pending

20 before the court is plaintiff's motion for reconsideration of the

21 portion of this court's May 31, 2011 order holding that

22 compensatory damages are not available for plaintiff's retaliation

23 claim under the Rehabilitation Act. For the reasons stated herein,

24 plaintiff's motion is DENIED.

25 ////

26 ////

                                 1

## I. Background[1]

Plaintiff worked as an administrative support assistant in the Equal Employment Opportunity office at the Army Corps of Engineers from May, 2005, until September, 2006. Plaintiff self-designated as having a learning disability when she applied for the job. In September 2006, plaintiff was given a termination notice that stated:

> You are being terminated because of your unsatisfactory conduct including your making a false statement to the Chief of Staff during a meeting on 23 August 2006 wherein you stated "you were not required to proofread your work"; on 24 August 2006, you made a false statement to me when you said that it was your idea to meet with Diversity Jubilee volunteers prior to the event; and your inappropriate comment to a member of the Safety Office on 7 April 2006.

Notice of Termination, Ex. E to Brown Decl. in Supp. of Mot. for Summ. J., ECF No. 67-8. Plaintiff asserts that the reasons given for her termination are pretext, and that she was actually terminated because of her disability, and in retaliation for complaining about disability discrimination.

In an order issued on May 31, 2011 ("May 31 order"), this court denied in part and granted in part a motion for summary judgment by defendant. The court held that plaintiff had established a genuine issue of material fact as to whether defendant's stated reasons for firing plaintiff were pretext. The court granted summary judgment to defendants on this issue of whether plaintiff could recover compensatory damages for her

---

[1] The factual assertions in this case are more fully detailed in the court's May 31, 2011 order on summary judgment, ECF No. 78.

2

1   retaliation claim. The court noted: "On this issue, the court is
2   confronted with an unambiguous statute that says one thing, and two
3   Ninth Circuit opinions which, put together, unambiguously hold the
4   opposite." May 31, 2011 Order, ECF No. 78. The court ultimately
5   concluded that compensatory damages are not available for
6   retaliation claims under the Rehabilitation Act pursuant to two
7   Ninth Circuit opinions holding that the remedies for violations of
8   the Americans with Disabilities Act ("ADA") and the Rehabilitation
9   Act are co-extensive with each other, <u>Ferguson v. City of Phoenix</u>,
10  157 F.3d 668 (9th Cir. 1998)(cert. denied at 529 U.S. 1159), and
11  that compensatory damages are not available for retaliation claims
12  under the ADA, <u>Alvarado v. Cajun Operating Co.</u>, 588 F.3d 1261, 1268
13  (9th Cir. 2009).

14      Plaintiff now seeks reconsideration of the court's holding.

15  **II. Standard for a Motion for Reconsideration under**
16  **Fed. R. Civ. P. 60(b)(6).**

17      Federal Rule of Civil Procedure 60(b) provides: "On motion and
18  just terms, the court may relieve a party . . . from a final
19  judgment, order, or proceeding" in the case of mistake or excusable
20  neglect, newly discovered evidence, fraud, a judgment that is void,
21  satisfaction of the judgment, or for "(6) any other reason that
22  justifies relief." Fed. R. Civ. P. 60(b). This catch-all provision
23  of Rule 60(b)(6) "vests power in courts adequate to enable them to
24  vacate judgments whenever such action is appropriate to accomplish
25  justice." <u>Klapprott v. United States</u>, 335 U.S. 601, 615 (1949).
26  Rule 60(b) "attempts to strike a proper balance between the

1  conflicting principles that litigation must be brought to an end
2  and that justice should be done." Delay v. Gordon, 475 F.3d 1039,
3  1044 (9th Cir, 2007)(*quoting* 11 Wright & Miller Federal Practice
4  & Procedure § 2851 (2d ed. 1995).   Nonetheless, in order to seek
5  relief   under   Rule   60(b)(6),   the   movant   must   demonstrate
6  "extraordinary   circumstances."    Liljeberg   v.   Health   Services
7  Acquisition Corp., 486 U.S. 847 (1988)(quoting Ackermann v. United
8  States, 340 U.S. 193, 199 (1950)).

9       In   addition,   Local   Rule   230(j)   applies   to   motions   for
10  reconsideration filed in the Eastern District. That rule requires
11  the  movant  to  brief  the  court  on,  *inter  alia*,  "what  new  or
12  different facts or circumstances were not shown upon such prior
13  motion, or what other grounds exist for the motion; and why the
14  facts or circumstances were not shown at the time of the prior
15  motion."

16                          **III. Analysis**

17       Plaintiff asserts that reconsideration of this court's holding
18  that compensatory damages are not available for a retaliation claim
19  under   the   Rehabilitation   Act   is   warranted   in   light   of   an
20  unpublished opinion issued in May 2010. That opinion, Herrera v.
21  Giampietro, 2010 WL 1904827 (E.D.Cal. 2010), distinguished between
22  ADA retaliation claims against private entities, and ADA claims
23  directed at public entities. Noting the same statutory language
24  that this court analyzed in its May 31 order, the Herrera court
25  held that the plaintiff may be entitled to monetary damages for her
26  retaliation claim against a school district.

                                  4

1    In her motion for reconsideration, plaintiff has not explained
2    what new facts or circumstances justify reconsideration, nor has
3    she explained why these facts and circumstances were not shown at
4    the time of the prior motion. Instead, plaintiff asserts that she
5    did not comply with these requirements because the court, in its
6    Tentative Pretrial Conference Order, ECF No. 90, granted plaintiff
7    permission to bring a motion to reconsider. This tentative order
8    does not relieve plaintiff of the burden of showing what new facts
9    and circumstances justify reconsideration under Fed. R. Civ. P.
10   60(b)(6).

11   The court was aware, at the time it issued its May 31 order,
12   that two different legal conclusions on this question were
13   possible. The Rehabilitation Act itself, 29 U.S.C. § 791, contains
14   no anti-retaliation provision, but expressly incorporates the ADA's
15   anti-retaliation provision: "The standards used to determine
16   whether this section has been violated in a complaint alleging non-
17   affirmative action employment discrimination under this section
18   shall be the standards applied under title I of the [ADA](42 U.S.C.
19   12111 et seq.) and the provisions of sections 501 through 504, and
20   510, of [ADA] (42 U.S.C. 12201-12204 and 12210), as such sections
21   relate to employment." 29 USCS § 791. The ADA's anti-retaliation
22   provision is found in 42 U.S.C. § 12203.

23   Remedies for violations of the ADA and the Rehabilitation Act
24   are delineated in the Civil Rights Act of 1991, 42 U.S.C. §
25   1981a(2). That statute provides for compensatory damages in some
26   cases of intentional discrimination, including for violations of

1    section 501 of the Rehabilitation Act, 29 U.S.C. § 791. Section

2    1981a(2) reads, in full:

> 3    Disability. In an action brought by a complaining party
> under the powers, remedies, and procedures set forth in
> 4    section 706 or 717 of the Civil Rights Act of 1964 [42
> USCS § 2000e-5 or 2000e-16] (as provided in section
> 5    107(a) of the Americans with Disabilities Act of 1990
> (42 U.S.C. 12117(a)), and section 505(a)(1) of the
> 6    Rehabilitation Act of 1973 (29 U.S.C. 794a(a)(1)),
> respectively) against a respondent who engaged in
> 7    unlawful intentional discrimination (not an employment
> practice that is unlawful because of its disparate
> 8    impact) under section 501 of the Rehabilitation Act of
> 1973 (29 U.S.C. 791) and the regulations implementing
> 9    section 501 [29 USCS § 791], or who violated the
> requirements of section 501 of the Act [29 USCS § 791]
> 10    or the regulations implementing section 501 [29 USCS §
> 791] concerning the provision of a reasonable
> 11    accommodation, or section 102 of the Americans with
> Disabilities Act of 1990 (42 U.S.C. 12112), or committed
> 12    a violation of section 102(b)(5) of the Act [42 USCS §
> 12112(b)(5)], against an individual, the complaining
> 13    party may recover compensatory and punitive damages as
> allowed in subsection (b), in addition to any relief
> 14    authorized by section 706(g) of the Civil Rights Act of
> 1964 [42 USCS § 2000e-5(g)], from the respondent.

15

16    Plaintiff's disparate treatment and retaliation claims in this

17    case are brought under 29 U.S.C. § 791. The Civil Rights Act of

18    1991 does *not* provide for compensatory damages for violations of

19    the ADA's anti-retaliation provision, 42 U.S.C. § 12203. One

20    reading of this statutory web is that, since 42 U.S.C. § 1981a

21    expressly allows for compensatory damages for all successful

22    Rehabilitation Act claims, plaintiff here may recover compensatory

23    damages. Another reading is that compensatory damages are not

24    available for plaintiff's retaliation claim, since the

25    Rehabilitation Act's prohibition on retaliation is incorporated

26    from 42 U.S.C. § 12203, for which compensatory damages are not

1  available.

2      This court is bound by Ninth Circuit holdings embodying the
3  latter interpretation. The Ninth Circuit has held that "by statute,
4  the remedies for violations of the ADA and the Rehabilitation Act
5  are co-extensive with each other, 42 U.S.C. § 12133; 29 U.S.C. §
6  794a(a)(2), and are linked to Title VI of the Civil Rights Act of
7  1964, 42 U.S.C. § 2000d, et seq." Ferguson v. City of Phoenix, 157
8  F.3d 668, 673 (9th Cir. 1998) cert. denied at 526 U.S. 1159 (1999).
9  The Ninth Circuit has also held that compensatory damages are not
10 available for ADA retaliation claims: "the text of section 1981a
11 is not ambiguous. It explicitly delineates the specific statutes
12 under the ADA for which punitive and compensatory damages are
13 available. . . [the statute] limits its remedial reach to ADA
14 discrimination claims, and does not incorporate ADA retaliation
15 claims." Alvarado v. Cajun Operating Co., 588 F.3d 1261, 1268 (9th
16 Cir. 2009). The Alvarado court held ultimately that "punitive and
17 compensatory damages are not available for ADA retaliation claims,"
18 and that retaliation claims are redressable only by equitable
19 relief. Id. at 1269.

20     Bound by these holdings, this court concludes that in this
21 circuit, compensatory damages are not available for retaliation
22 under the Rehabilitation Act. The court cannot accept plaintiff's
23 position without departing from either Ferguson or Alvarado, which
24 the court is not free to do.

25     Accordingly, plaintiff's motion for reconsideration, ECF No.
26 91, is DENIED.

1    IT IS SO ORDERED.

2    DATED:  December 21, 2011.

3

4

5

6    LAWRENCE K. KARLTON
     SENIOR JUDGE
7    UNITED STATES DISTRICT COURT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

8